953 F.2d 688
 293 U.S.App.D.C. 292
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNITED STATES of America,
v.
Keith JACKSON, Appellant.
 No. 90-3264.
 United States Court of Appeals, District of Columbia Circuit.
 Jan. 23, 1992.
 
 Before MIKVA, Chief Judge, and KAREN LECRAFT HENDERSON, and RANDOLPH, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This case was considered on the record from the United States District Court for the District of Columbia and on the briefs and oral arguments of counsel. The court is satisfied that appropriate disposition of the appeal does not warrant a published opinion. See D.C.Cir.Rule 14(c). For the reasons stated in the accompanying memorandum, it is
 
 
 2
 ORDERED and ADJUDGED that the judgment from which this appeal has been taken be affirmed.
 
 
 3
 The clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 15(b)(2).
 
 MEMORANDUM
 
 4
 On January 18, 1990, after his first trial resulted in a mistrial, Keith Jackson was convicted of unlawful distribution of 5 grams or more of cocaine base, unlawful distribution of 50 grams or more of cocaine base within 1000 feet of a secondary school, and unlawful distribution of 5 grams or more of cocaine base within 1000 feet of a secondary school, all in violation of 21 U.S.C. § 841. The government's case against Jackson centered around four alleged sales of crack cocaine to undercover agents of the Metropolitan Police Department and a police informant. The first sale occurred at a shopping mall, the next two near Eastern High School, and the final sale at Lafayette Park directly across from the White House. After the sale in Lafayette Park, the vial of crack cocaine purchased from Jackson was brought to the White House and used by President Bush in his speech to the nation that evening on the Administration's war on drugs. Jackson was arrested at his home a few weeks later.
 
 
 5
 Appellant was first tried in late December of 1989. After the jury was unable to agree on any of the counts against Jackson, the trial judge declared a mistrial. The government then retried Jackson and this time he was convicted on three counts; the remaining two counts, including the charge arising from the sale at Lafayette Park, were later dismissed. Jackson now appeals his conviction claiming that the trial judge committed reversible error in failing to declare a mistrial following prosecutorial misstatements during closing argument. We find appellant's arguments unpersuasive and affirm his conviction.
 
 DISCUSSION
 
 6
 The first prosecutorial misstatement challenged by appellant is the prosecutor's remark, during closing argument, about Jackson's brother who was a key defense witness. During closing argument the prosecutor said:
 
 
 7
 Kevin was there that day at Hechinger Mall. Kevin had his own best interest not to tell the truth that day. If Kevin had handled the drugs or handled the money, he'd be sitting next to Keith here today. But he didn't and the Government chose not to indict him, because he did not have hands on the money or hands on the drugs.
 
 
 8
 Immediately after the statement the court interrupted the prosecutor, stated that there was nothing in the record indicating why the government did not indict Kevin Jackson, and gave the jury a cautionary instruction. The trial judge then denied appellant's motion for a mistrial. Jackson now argues that the prosecutor's statement was prejudicial because it improperly implied that he was guilty simply because the government indicted and prosecuted him, and because it used extrinsic evidence to impeach a key defense witness, Kevin Jackson. Appellant argues that the trial judge committed reversible error by not granting a mistrial after the statement was made. While the prosecution's statement may have been improper, we are not convinced that the trial judge abused his discretion in denying the motion for a mistrial.
 
 
 9
 A decision to grant a mistrial rests within the discretion of the trial judge. United States v. Smith, 891 F.2d 935, 939 (D.C.Cir.1989); United States v. Tarantino, 846 F.2d 1384, 1413 (D.C.Cir.1988) (per curiam). However, a trial court abuses its discretion when the refusal to grant a mistrial prejudices the defendant. Smith, 891 F.2d at 939. In determining whether a sufficient degree of prejudice exists to warrant a mistrial, this court looks to three factors: (1) the closeness of the case, (2) the centrality of the issue affected by the error, and (3) the steps taken to mitigate the effects of the error. United States v. North, 910 F.2d 843, 895 (D.C.Cir.1990).
 
 
 10
 With respect to Jackson's first allegation of prejudicial error, it is true that statements by a prosecutor that the government only prosecutes guilty persons can rise to the level of reversible error. United States v. Jordan, 810 F.2d 262, 266 (D.C.Cir.1987). In Jordan the prosecution explained the absence of a key witness by implying that the government would not be prosecuting the defendant if the missing witness could have anything to say that would be exculpatory. Id. at 265-66. While the court admonished the prosecutor for making the statement, it refused to equate a statement implying that the government only prosecutes the guilty with a statement directly stating that the government only prosecutes guilty persons. Id. at 266. The court concluded that, unlike those cases where the government explicitly said that it only prosecuted guilty persons, the jury in Jordan's case "most probably perceived the comments as an effort to refocus its attention on the evidence before it, and away from speculation over what was not." Id.
 
 
 11
 As in Jordan, the prosecutor's statement here did not explicitly say that the government only prosecutes guilty persons--the jury would have had to infer that from the statement. Therefore, the jury could have perceived the comment as an attack on Jackson's brother and not on the guilt or innocence of Jackson himself.
 
 
 12
 Even if we were to conclude that the statement prejudiced Jackson, the presence of the third North factor, the judge's cautionary statement mitigating the effects of the error, cured the prejudice. North, 910 F.2d at 895. There is nothing in the record to indicate that the jury did not follow the trial judge's cautionary instruction that the prosecutor's statement should not be considered. Absent such an indication, it is not unreasonable to conclude that the jury followed the trial judge's instruction. United States v. Perholtz, 842 F.2d 343, 361 (D.C.Cir.1988). The fact that the trial judge's cautionary statement "did not address the possibility that the jury could have understood the prosecutor's misstatement to suggest that Keith Jackson was guilty simply because the government had prosecuted him," is irrelevant. The trial judge directed the jury to disregard the entire statement. If anything, this "generalized" cautionary statement helped Jackson by not suggesting to the jury the inferences that might be drawn from such a statement.
 
 
 13
 Appellant also claims that the prosecutor's misstatement used extrinsic evidence to attack the credibility of his key witness, Kevin Jackson. But we do not see how the prosecutor's statement amounted to an attack on Kevin Jackson's credibility. The attack came from the prosecutor's statement that Kevin had a real incentive to lie. There is nothing improper about an argument from the evidence that Kevin might have been involved and therefore had a reason to lie to conceal his involvement.
 
 
 14
 Finally, Appellant asserts that various statements made by the prosecutor during rebuttal improperly bolstered the credibility of key government witnesses. Because appellant did not object to any of the allegedly improper statements, the plain error rule applies. Under this standard, a conviction will be reversed only if, in light of the entire record, the error undermined the fundamental fairness of the trial and contributed to a miscarriage of justice. United States v. Young, 470 U.S. 1, 16 (1985).
 
 
 15
 The test for determining whether a prosecutor has improperly bolstered a witness's credibility is whether a jury could reasonably believe that the prosecutor was indicating a personal belief in the witness's credibility. United States v. Simms, 719 F.2d 375, 377 (11th Cir.1983). Appellant cites United States v. Goff, 847 F.2d 149 (5th Cir.1988) in support of his argument that the prosecutor's four statements were improper. In Goff, the court found it improper for a prosecutor to suggest that in order to find the defendants innocent, "the jury would have to believe that several governmental agencies and even perhaps federal judges had engaged in a malevolent and illegal conspiracy to convict them." Id. at 164. We do not think that the statements made by the prosecution during rebuttal in Jackson's case rise to the level of prejudice found in the Goff case. Even if the statements were improper, we are not convinced that the error would constitute plain error. Appellant's conviction is
 
 
 16
 Affirmed.